HENSEL, BRUCKMANN & LORBACHER, INC. *v.* UNITED STATES

**No. 5010.**—Invoices dated Kobe, Japan, October 7, 13, 1936.
Entered at New York November 28, 1936, April 27, 1937.
Entry Nos. 776236, 861951.

(Decided October 1, 1940)

*Lawrence & Tuttle* (*Geo. R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh* and *William J. Vitale,* special attorneys), for the defendant.

TILSON, Judge: The merchandise in this case consists of what is known as Kanebo silk No. 5500 imported from Japan, natural, bleached, and in colors. On each invoice the total number of yards in each color is stated, less a certain number of yards in each instance,

at so many yen per yard. The merchandise was appraised in United States dollars per piece of 50 yards. The record clearly shows that the merchandise was bought and sold in Japan by the yard and that the price fixed therefor was in yen. No reason appears why it should not have been so appraised.

In reappraisement 120600–A, counsel for the plaintiff contends that an item of 4 per centum, which was included in the entered value, should be held to be a buying commission and, therefore, nondutiable. The record shows that this item of 4 per centum is a buying commission, and would appear to be nondutiable, but inasmuch as the same was included by the importer as a part of the entered value, and the collector cannot take duty on less than the entered value, it is not necessary for me to pass on this particular question.

As to each item appearing on the invoice, the record shows that the seller made an allowance for certain imperfections in the weave of the cloth. In reappraisement 120600–A the first item is a total of 1,000 yards, less 13¼ yards, leaving a total of 986¾ yards, which is the total yardage for which the importer was charged and for which the seller received pay. All the other items on the invoices show a similar state of facts.

At the trial a number of photostatic copies of invoices to other importers, *pro forma* invoices, and other papers used in the entry and clearance of merchandise through customs, were admitted in evidence as Collective Exhibit 6. Our examination of these papers fails to disclose a single item thereon of No. 5500, which according to the record is a standard brand of silk cloth. Even if the merchandise shown by these papers and that before the court were accepted as identical, there appears no reason why the importer herein should be bound by those values, when they were never questioned in court. It should be noted that the witness for the Government testified that he obtained certain certified copies of invoices of similar or identical merchandise, but the witness was not asked nor did he state that the merchandise represented by the papers in Collective Exhibit 6 was identical or even similar to the merchandise in this case.

Three affidavits were, on motion of counsel for the plaintiff, admitted in evidence and marked Exhibits 3, 4, and 5. From these affidavits it is clear that silk fabric of the type here involved was not consumed in Japan during 1936, but was made expressly for the export trade. Said affidavits also show that the prices at which such and similar merchandise was freely offered for sale and actually sold in Japan during 1936 for export were in no instance higher than the invoice prices herein. I here quote the following from Exhibit 4:

That during 1936 this silk (referring to all Fuji Kanebo Silk, No. 5500) was freely offered for sale in Kobe by Kamei Shoten to any purchaser in the whole-

sale trade and that the prices at which such merchandise was so offered during the months of August, September and October, 1936, were as follows:

Fuji Kanebo silk No. 5500, natural 88.5–93 per yard
"      "      "      "      "      bleached 93.7–98.2 per yard
"      "      "      "      "      light colored 98.9–1.034 per yard
"      "      "      "      "      dark colored 1.053–1.098 per yard

[parentheses supplied]

The special agent's report, Exhibit 7, while dated August 27, 1936, actually consists of a report of an investigation of market conditions covering merchandise shipped from Kobe in March and April, 1936, while the merchandise in these two cases was not shipped from Kobe until the following October.

After a careful examination of all the evidence before me I am convinced that the plaintiff has made out a *prima facie* case, sustaining the entered values. I therefore find the proper dutiable export values of the merchandise covered by these two appeals to be the entered values. Judgment will be rendered accordingly.